UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. GAVINO, | CASE NO. CV-F-04-5634 REC SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | |
| DR. PAPINPUS, et al., | (Doc. 21) |
| Defendants. | |

I. Defendants' Motion to Dismiss

    A. Procedural History

Plaintiff John A. Gavino ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed March 22, 2004, against defendants Papinpus, Davis, and Perez for violating the Eighth Amendment with respect to plaintiff's medical care. On December 23, 2004, pursuant to Federal Rule of Civil Procedure 12(b), defendants Papinpus and Davis ("defendants") filed a motion to dismiss for failure to exhaust, failure to state a claim upon which relief may be granted, and on qualified immunity grounds.[1] Plaintiff filed an opposition on January 21, 2005, and defendants filed a reply on January 27, 2005.[2]

///

---

[1] Defendant Perez has not yet been served.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on October 20, 2004. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 12.)

1

B.     Dismissal for Failure to Exhaust

      1.     Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In

deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### 2. Discussion

In his complaint, plaintiff, a state prisoner proceeding pro se, alleges that defendants violated his rights under the Eighth Amendment by acting with deliberate indifference to his medical care. Plaintiff alleges that he was diagnosed with Hepatitis C on or around 1999. Plaintiff alleges that Hepatitis C is a serious illness and he needs interferon treatment, which defendants refuse to provide. Plaintiff alleges that since being diagnosed with Hepatitis C, his liver has deteriorated, his strength has weakened, and he lost a great amount of weight, and he continues to suffer from severe liver pain. Plaintiff alleges that defendants were provided with the opportunity to treat him medically but have refused to do so.

Defendants argue that plaintiff failed to exhaust his claim against defendant Davis and they are entitled to dismissal of this action as a result. Plaintiff submitted an inmate appeal grieving his medical claim on January 24, 2003. (Comp., Exhibit A.) In the appeal, plaintiff states that he has Hepatitis C and is suffering from pain in his liver. (Id.) Plaintiff states that he needs Interferon treatment, and if the institution does not provide Interferon, he needs to be sent to CMF Vacaville or San Quentin to receive Interferon in order to stay alive. (Id.) Defendant Davis denied plaintiff's appeal at the first formal level of review. (Id.) Defendants contend that because plaintiff failed to mention either defendant Davis or his claims against defendant Davis in the appeal, plaintiff did not exhaust his claim against defendant Davis.

Identification in the inmate appeal of each defendant by name is not necessary for exhaustion to occur. Butler v. Rianda, 387 F.3d 1181, 1183 (9th Cir. 2005). The touchstone that has been applied by this court is whether the plaintiff has, using the administrative appeal process provided by the Department of Corrections, placed prison officials on notice as to the facts at issue in his claim against the defendants. In Butler, the Ninth Circuit reversed the judgment of the district court where the district court had concluded that the defendants did not have specific knowledge of the

claims against them. Id. As in this case, two of the defendants in the Butler case were appeals coordinators. Id. at 1182.

Plaintiff's claims against all three defendants stem from defendants' alleged failure to provide plaintiff with Interferon treatment for Hepatitis C. These allegations are adequately set forth in plaintiff's inmate appeal, which was exhausted on July 15, 2003, when it was denied at the Director's Level of review. Accordingly, the court finds plaintiff exhausted his Eighth Amendment medical care claims against defendants and recommend that defendants' motion to dismiss for failure to exhaust be denied. Id. at 1183.

  C. Dismissal for Failure to State a Claim

    1. Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the

4

pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

    2.  Discussion

  The court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Given this requirement, the court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim. The instant motion is no exception.

  A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

  Defendants correctly state that "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the

5

circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Once the court has before it the parties' evidence, plaintiff's claims may well be shown to be based on nothing more than plaintiff's disagreement with the treatment he is being provided and/or with the failure to provide the treatment plaintiff finds preferable. At the pleading stage, however, plaintiff's allegation that he has a medical need for Interferon treatment and defendants knew of this need but refused to provide the necessary treatment is sufficient to satisfy Rule 8. If in fact defendants knew that failing to either provide plaintiff with Interferon treatment or transfer plaintiff to an institution where he could receive Interferon treatment was medically unacceptable under the circumstances, then plaintiff's claim is not one based merely on a disagreement in the course of treatment prescribed. Whether plaintiff merely disagrees with the treatment decisions or whether defendants acted with deliberate indifference cannot be resolved at this stage on a Rule 12(b)(6) motion.

With respect to defendant Davis, defendants again correctly state that "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). However, the cases cited by defendants stand for the proposition that the existence of an appeals process "'does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'" Buckley, 997 F.2d at 495 (quoting Azeez, 568 F.Supp. at 10.); Mann, 855 F.2d at 640; Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Plaintiff is not pursuing a claim that, in denying his inmate appeal, defendant Davis deprived him of a liberty interest without due process of law. Plaintiff's claim is based on his allegation that defendant Davis knew of and disregarded his serious medical needs. That defendant Davis was allegedly placed on notice of plaintiff's medical

condition via an inmate appeal as opposed to, for example, a personal conversation on the yard does not compel a conclusion, at the pleading stage, that there is no basis upon which to impose liability on defendant Davis under section 1983.

In his complaint, plaintiff alleges that he has a medical need for Interferon treatment and that defendants were aware of this need and failed to provide him with the necessary treatment. The court has again reviewed plaintiff's exhibits and cannot find that the exhibits establish that there is no basis for a claim against defendant Davis. The first formal level response appears to bear the signature of defendant Davis. (Comp., Exhibit A, p. 2.) Further, in the second level response to plaintiff's appeal, it is stated that defendant Davis conducted the first level review. (Id., Exhibit B.) Thus, the exhibits support plaintiff's allegation that defendant Davis knew of plaintiff's medical needs and was involved in the denial of treatment plaintiff alleges is medically necessary.

For the reasons set forth in this subsection, the court finds that defendants are not entitled to dismissal of this action based on plaintiff's failure to state any claims upon which relief may be granted under section 1983.

### D. Dismissal of Claim Against Defendant Davis Based on Qualified Immunity

Defendants argue that defendant Davis is entitled to qualified immunity because "he was not required to take specific action to ensure that plaintiff received the medical care that he believed was wrongfully withheld by other prison employees." (Motion, 6:27-28.) As set forth in the preceding subsection, plaintiff is not attempting to impose liability on defendant Davis on the mere basis that defendant Davis denied his appeal, and plaintiff is not pursing a claim that he was deprived of a liberty interest without due process of law. Defendants have set forth no argument that supports dismissing plaintiff's Eighth Amendment claim against defendant Davis on the ground of qualified immunity, and the court shall recommend that their motion be denied.

### E. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed December 23, 2004, be DENIED as follows:
   a. Defendants' motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies be DENIED;

    b.  Defendants' motion to dismiss for failure to state a claim upon which relief may be granted be DENIED; and

    c.  Defendants' motion to dismiss the claim against defendant Davis on qualified immunity grounds be DENIED.

 These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: May 6, 2005**       /s/ Sandra M. Snyder
icido3              UNITED STATES MAGISTRATE JUDGE