1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  JOHN A. GAVINO,                                          CASE NO. CV-F-04-5634 REC SMS P

10                         Plaintiff,                       ORDER DIRECTING UNITED STATES
                                                            MARSHAL TO INITIATE SERVICE OF
11      v.                                                  PROCESS ON DEFENDANT PEREZ
                                                            WITHOUT PREPAYMENT OF COSTS
12  DR. PAPINPUS, et al.,
                                                            ORDER DIRECTING CLERK'S OFFICE TO
13                         Defendants.                      SEND MARSHAL EXHIBIT ALONG WITH
                                                            INSTANT ORDER
14
    _____/
15

16      Plaintiff John A. Gavino ("plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

18  plaintiff's complaint filed March 22, 2004, against defendants Papinpus, Davis, and Perez for

19  violating the Eighth Amendment with respect to plaintiff's medical care.  Defendants Papinpus and

20  Davis waived service and have appeared in the action.  However, the Marshal's previous attempt to

21  locate and serve defendant Perez was unsuccessful.  On January 10, 2005, the court ordered plaintiff

22  to provide further information as to the identity of defendant Perez.  Plaintiff filed a response to the

23  court's order on January 28, 2005.

24      The court and the Marshal have a statutory duty to serve process on plaintiff's behalf, and

25  the response given to the Marshal by CDC staff to date is insufficient to allow the court to discharge

26  this duty on the ground that defendant Perez cannot be located.  28 U.S.C. 1915(d); Fed. R. Civ. P.

27  4(c)(2).  Litigation Coordinator Andrew Pitoniak informed the Marshal that he does not know who

28  Dr. Perez is.  (Doc. 14.)  Defendant Perez was the acting Chief Medical Officer at Avenal on April

1

1   30, 2003.  It is unlikely that prison officials at Avenal are ignorant as to the identity of an individual

2   holding the top or one of the top managerial positions within the medical department at the prison.

3   In contacting officials at Avenal, the Marshal is directed to utilize the second level appeal response

4   signed by defendant Perez in attempting to identify defendant Perez.  Accordingly, IT IS HEREBY

5   ORDERED that:

6       1.   The Clerk of the Court is directed to send the United States Marshal a copy of

7            plaintiff's inmate appeal and second level response thereto;

8       2.   The Clerk of the Court is directed to forward the following documents to the United

9            States Marshal:

10           (1)   One completed and issued summons for each defendant to be served;

11           (2)   One completed USM-285 form for each defendant to be served;

12           (3)   One copy of the complaint filed on March 22, 2004 for each defendant to be

13                 served, plus an extra copy for the Marshal;

14           (4)   One copy of this order for each defendant to be served, plus an extra copy for

15                 the Marshal; and

16           (5)   One copy of the court's consent form for each defendant to be served.

17      3.   Within ten days from the date of this order, the United States Marshal is directed to

18           notify the following defendants of the commencement of this action and to request

19           a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28

20           U.S.C. § 566(c):

21                              **DR. W. M. PEREZ, CMO (A)**

22      4.   The U.S. Marshal is directed to retain the summons and a copy of the complaint in

23           their file for future use.

24      5.   The United States Marshal shall file returned waivers of service as well as any

25           requests for waivers of service that are returned as undelivered as soon as they are

26           received.

27      6.   In attempting to identify and locate defendant Perez, if the Litigation Office at

28           Avenal is unable to assist, the Marshal is directed to seek the assistance of the

1 | Employment Office at Avenal, and, if necessary, contact the Legal Affairs Division

2 | in Sacramento and request the assistance of a special investigator.

3 | 7. If a waiver of service is not returned by a defendant within sixty days of the date of

4 | mailing the request for waiver, the United States Marshal shall:

5 | a. Personally serve process and a copy of this order upon the defendant pursuant

6 | to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and

7 | shall command all necessary assistance from the California Department of

8 | Corrections (CDC) to execute this order. The United States Marshal shall

9 | maintain the confidentiality of all information provided by the CDC pursuant

10 | to this order.

11 | b. Within ten days after personal service is effected, the United States Marshal

12 | shall file the return of service for the defendant, along with evidence of any

13 | attempts to secure a waiver of service of process and of the costs

14 | subsequently incurred in effecting service on said defendant. Said costs shall

15 | be enumerated on the USM-285 form and shall include the costs incurred by

16 | the Marshal's office for photocopying additional copies of the summons and

17 | complaint and for preparing new USM-285 forms, if required. Costs of

18 | service will be taxed against the personally served defendant in accordance

19 | with the provisions of Fed. R. Civ. P. 4(d)(2).

20 | 8. In the event that defendant makes an appearance in this action by filing an answer,

21 | dispositive motion, or other pleading, the U.S. Marshals Service need not personally

22 | serve defendant.

23 | 9. In the event that defendant either waives service or is personally served, defendant

24 | is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

25 | IT IS SO ORDERED.

26 | **Dated:   May 6, 2005**                     **/s/ Sandra M. Snyder**
icido3                                   UNITED STATES MAGISTRATE JUDGE

3