# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. GAVINO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. PAPINPUS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:04-cv-05634-LJO-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION WITHIN THIRTY DAYS OR THIS ACTION WILL BE DISMISSED, WITH PREJUDICE<br><br>(Doc. 57)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(Doc. 57) |

　　　　Plaintiff John A. Gavino ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 4, 2006, defendants filed a motion for summary judgment. On October 19, 2006, after more than twenty-one days passed and plaintiff failed to file an opposition or a statement of non-opposition in compliance with Local Rule 78-230(m), the undersigned issued an order requiring plaintiff to file a response within thirty days. Plaintiff did not respond and on January 26, 2007, the undersigned issued a Findings and Recommendations recommending dismissal of this action.[1] On February 16, 2007, plaintiff filed an objection in which he contended his failure to prosecute this case was the result of health problems, which have now resolved themselves.

///

---

[1] The order of October 19 had to be re-served twice.

1	Plaintiff will be granted thirty days within which to file an opposition or a statement of non-opposition to defendants' motion for summary judgment. If plaintiff fails to file a response within thirty days, this action will be dismissed.

With respect to plaintiff's motion for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. <u>See</u> <u>Rand</u>, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel shall be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff has **thirty (30) days** from the date of service of this order to file an opposition or a statement of non-opposition to defendants' motion for summary judgment;

2. If plaintiff fails to file an opposition or a statement of non-opposition within thirty days, this action will be dismissed; and

3. Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:** February 20, 2007          /s/ Sandra M. Snyder
i0d3h8                                UNITED STATES MAGISTRATE JUDGE