# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. GAVINO, | CASE NO. 1:04-cv-05634-LJO-SMS PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT |
| v. | |
| DR. PAPINPUS, et al., | (Doc. 43) |
| Defendants. | |

I.  Order Resolving Defendants' Motion for Summary Judgment

    A.  Procedural History

Plaintiff John A. Gavino ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint filed on March 22, 2004, against Defendants Pappenfus,[1] Davis, and Perry[2] ("Defendants") for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment. (Docs. 43, 53.) At the time of the events at issue in this action, Plaintiff was a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and was housed at Avenal State Prison ("ASP") in Avenal, California.

///

///

---

[1] Identified as Papinpus in the complaint.

[2] Identified as Perez in the complaint.

1

Defendants filed a motion for summary judgment on August 4, 2006. (Docs. 43-46.) After being directed to do so by the Court and obtaining an extension of time, Plaintiff filed an opposition on March 12, 2007. (Doc. 60.) Defendants filed a reply on March 9, 2007. (Doc. 59.)

B.  Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477

2

U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

///

  C. <u>Undisputed Facts</u>[3]

    1. <u>Background Facts</u>

1. Plaintiff John A. Gavino was at all times relevant an inmate in the custody of the CDCR and housed at ASP.
2. Prior to his incarceration at ASP, Plaintiff was incarcerated at California State Prison, Solano, where he alleges he was diagnosed with Hepatitis-C in 1999.
3. At all relevant times, John Pappenfus, M.D. was a Physician and Surgeon, board certified in Internal Medicine, employed at ASP.
4. At all relevant times, Ross Davis, M.D. was a Medical Doctor employed at ASP.
5. At all relevant times, D. Michael Perry, M.D. was a Medical Doctor employed at ASP.
6. Plaintiff's only complaint is with reference to the medical treatment he received at ASP.
7. The basis for Plaintiff's lawsuit is that he was not administered Interferon Therapy for his Hepatitis-C medical condition.

    2. <u>Facts Relating to Claim Against Defendant Davis</u>

8. Defendant Davis never refused to treat Plaintiff.
9. Plaintiff understood that Interferon could not be ordered for him by anyone, including Defendant Davis, until he was evaluated by Defendant Pappenfus, the internist.
10. Plaintiff has no specific complaints of Defendant Davis.

    3. <u>Facts Relating to Claim Against Defendant Pappenfus</u>

11. On March 10, 2003, Plaintiff was referred to Defendant Pappenfus, the liver internal medicine specialist, to determine if he was a candidate for Interferon Therapy.

///

---

[3] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by Defendants as undisputed in compliance with Local Rule 56-260(b). Further, Plaintiff did not tender any evidentiary objections in any other form. <u>FDIC v. New Hampshire Ins. Co.</u>, 953 F.2d 478, 484 (9th Cir. 1992) (evidentiary defects waived absent objection). Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's complaint. <u>Jones v. Blanas</u>, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit *if it is based on pleader's personal knowledge of specific facts which are admissible in evidence*). A verified opposition to a motion for summary judgment may also be considered as an opposing affidavit for purposes of the summary judgment rule if it is based on facts within the pleader's personal knowledge. <u>Johnson v. Meltzer</u>, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

12. Plaintiff saw Defendant Pappenfus only one time, on March 28, 2003, as a result of a referral by Defendant Davis to determine if Plaintiff was a candidate for Interferon Therapy.

13. While employed at ASP, it was one of Defendant Pappenfus's duties to evaluate all Hepatitis-C patients before Interferon Therapy was prescribed.

14. Defendant Pappenfus evaluated Plaintiff's Hepatitis-C condition on March 28, 2003, to determine if he was a viable candidate for Interferon Therapy.

15. After evaluating Plaintiff on March 28, 2003, Defendant Pappenfus determined that due to Plaintiff's relatively young age and the fact that Plaintiff's liver enzymes were normal, Plaintiff was not a viable candidate for Interferon Therapy.

16. Based on Defendant Pappenfus's medical opinion that the risk of Interferon Therapy greatly outweighed its benefits in Plaintiff's case, a decision was made by Defendant Pappenfus not to treat Plaintiff with Interferon.

    4. <u>Facts Relating to Claim Against Defendant Perry</u>

17. Plaintiff met Defendant Perry, and was not ever treated by him.

18. Plaintiff's only basis for suing Defendant Perry is because of "his acknowledged signature on a 602 " and "because they all work in the same building," referring to all the medical staff.

19. Plaintiff never communicated with Defendant Perry, other than the latter signing a 602 appeal.

20. Plaintiff has no other complaints of the Defendants.

D. <u>Discussion</u>[4]

    1. <u>Claim Against Defendant Davis</u>

In 1999, Plaintiff was diagnosed with Hepatitis-C while at California State Prison-Solano. (Comp., ¶11; Undisputed Fact 2.) Plaintiff alleges that Interferon was medically necessary given his condition, but Defendants refused to provide it for him, in violation of his rights under the Eighth Amendment. (Comp., ¶14; U.F. 6, 7.)

---

[4] Plaintiff's complaint and opposition are verified and shall be treated as affidavits for purposes of the summary judgment rule where they are based on facts within Plaintiff's personal knowledge of admissible evidence, and not merely on Plaintiff's belief. <u>Lew v. Kona Hospital</u>, 754 F.2d 1420, 1423 (9th Cir. 1985); Fed. R. Civ. P. 56(e).

Defendant Davis argues that he is entitled to summary adjudication on Plaintiff's claim against him because he did not refuse to provide medical treatment to Plaintiff. (U.F. 8.) No one, including Defendant Davis, could order Interferon for Plaintiff until he was evaluated by Defendant Pappenfus, the internist. (U.F. 9.) Plaintiff had no specific complaints of Defendant Davis, and testified during his deposition that he believed Defendant Davis was responsible because everybody was the enemy, as they ate and worked together in the same environment. (U.F. 10, Depo., 34:13-16.)

The Court finds that Defendant Davis has met his initial burden of informing the Court of the basis for his motion, and identifying those portions of the record which he believes demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As stated above, in attempting to establish the existence of this factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff's opposition is essentially a reiteration of the allegations set forth in the complaint. It appears Plaintiff has confused the showing he must make at this stage with the initial showing he

6

had to make to state a claim for relief. Although Plaintiff's allegations were sufficient to state a claim for relief under federal notice pleading standards, at this stage in the litigation, Plaintiff must come forth with evidence in support of his claims. Plaintiff has not done so.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's mere allegations that he had a medical need for Interferon treatment and because Defendant Davis was aware of this need, the failure to supply the treatment violated his rights are insufficient to defeat Defendant's motion. Plaintiff, as a lay witness, is not qualified to opine that he had a medical need for Interferon treatment and that the failure to supply Interferon treatment was "medically unacceptable under the circumstances . . ." and chosen "in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). The record is utterly devoid of any evidence that Plaintiff had a medical need for Interferon treatment and that by failing to prescribe Interferon treatment, Defendant Davis "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Accordingly, Defendant Davis is entitled to judgment as a matter of law on Plaintiff's claim against him.

2.   Claim Against Defendant Pappenfus

Defendant Pappefus was the liver internal medicine specialist and while employed at ASP, it was one of his duties to evaluate all Hepatitis-C patients before Interferon Therapy was prescribed. (U.F. 11, 13.) On March 10, 2003, Plaintiff was referred to Defendant to determine if he was a candidate for Interferon Therapy. (U.F. 11.) Defendant evaluated Plaintiff's Hepatitis-C condition on March 28, 2003, to determine if he was a viable candidate for Interferon Therapy, and determined that due to Plaintiff's relatively young age and the fact that Plaintiff's liver enzymes were normal,

7

Plaintiff was not a viable candidate for Interferon Therapy. (U.F. 14, 15) Because it was Defendant's medical opinion that the risk of Interferon Therapy greatly outweighed its benefits in Plaintiff's case, a decision was made by Defendant not to treat Plaintiff with Interferon. (U.F. 15, 16.)

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff has not submitted any admissible evidence that he had a medical need for Interferon treatment and that the failure to provide Interferon treatment constituted deliberate indifference to his serious medical needs. Accordingly, Defendant Pappenfus is entitled to summary adjudication on Plaintiff's claim against him.

### 3. Claim Against Defendant Perry

Finally, Plaintiff never met Defendant Perry, and was not treated by him. (U.F. 17.) Defendant's only involvement was signing an inmate appeal, which Plaintiff asserts placed him on notice of Plaintiff's need for Interferon. (U.F. 18, 19; Opp., pg. 3.[5])

Defendants have submitted evidence that Plaintiff was evaluated as a candidate for Interferon treatment and was deemed not to be a viable candidate for it. Plaintiff has submitted no admissible evidence bringing any material facts into dispute. Accordingly, Defendant Perry is entitled to summary adjudication on the claim against him.

### E. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has not met his burden of setting forth admissible evidence raising triable issues of material fact, and Defendants are entitled to judgment

///

---

[5] Although Plaintiff misidentified Defendant Perry as Defendant Davis in his opposition, Plaintiff's allegations make clear that Plaintiff is referring to Defendant Perry, not Defendant Davis.

as a matter of law on the claims against them.  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

    1.    Defendants' motion for summary judgment, filed August 4, 2006, is GRANTED, thus concluding this action in its entirety; and

    2.    The Clerk of the Court shall enter judgment for Defendants and against Plaintiff.

IT IS SO ORDERED.

**Dated:**   **March 15, 2007**           /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES DISTRICT JUDGE